IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | 8:06CR353 |
|---|---|
| Plaintiff, | |
| v. | ORDER |
| JULIAN ARANA-SANTIBANEZ, | |
| Defendant. | |

This matter is before the court on the defendant's motion to reduce his sentence. Filing No. 118. On April 10, 2015, the Federal Public Defender for the District of Nebraska filed an appearance on the defendant's behalf. Filing No. 123. After review of the defendant's case, the Federal Public Defender notified the court that because the defendant was sentenced to a statutory mandatory minimum sentence, he is not eligible for a sentencing reduction under Amendment 782. *See* Filing No. 124. Counsel further represented that a motion under 18 U.S.C. § 3582(c) would not be appropriate. *Id.* In light of those representations, the court granted counsel's motion to withdraw. Filing No. 125. The United States Probation Office has filed a retroactive sentencing worksheet that confirms the defendant's ineligibility for the reduction under Amendment 782. Filing No. 121.

The United States Sentencing Commission recently revised the United States Sentencing Guidelines ("USSG") applicable to drug trafficking offenses by changing how the base offense levels in the drug quantity tables incorporate the statutory mandatory minimum penalties for such offenses. Amendment 782 (sometimes called

the "drugs minus two" or the "2014 drug guidelines amendment") reduces offense levels assigned in the Drug Quantity Table by two levels, resulting in lower guideline ranges for many drug trafficking offenses. *See Federal Register Notice of Final Action Regarding Amendment to Policy Statement §1B1.10*, Effective November 1, 2014, 79 Fed. Reg. 25996 (May 6, 2014); available at www.ussc.gov. http://www.ussc.gov/amendment-process/federal-register-notices. The proposed amendment went into effect on November 1, 2014. *Id.*

The court is statutorily precluded from applying a federal sentencing guideline amendment retroactively unless the United States Sentencing Commission designates an amendment for retroactive application. 18 U.S.C. § 35820c)(2); *United States v. Auman*, 8 F.3d 1268, 1271 (8th Cir. 1993) ("Section 3582(c)(2) is a provision that permits a district court to reduce a term of imprisonment if the sentencing range upon which the term was based is subsequently lowered by the Sentencing Commission."). The Sentencing Commission has given retroactive effect to the amendment. *Id.* at 1; *see* U.S.S.G. 1B1.10.

However, the court finds the defendant cannot benefit from Guideline Amendment 782, because the amendment does not "have the effect of lowering [his] applicable guideline range" because he was sentenced to a statutory mandatory minimum term. *See* 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10 cmt. n. 1(A) (stating "a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. 3582(c)(2) and is not consistent with this policy statement if: (i) None of the amendments listed in subsection (d) is applicable to the defendant; or (ii) an amendment listed in subsection (d) is applicable to the defendant but the amendment

does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment.")). When the statutory required mandatory minimum is greater than the applicable guideline range, the statutory mandatory minimum is the guideline sentence. U.S.S.G. § 5G1.1(b).

Unfortunately for the defendant his current sentence of 120 months is not "based on a sentencing range that has been subsequently lowered by the commission." *See* 18 U.S.C. § 3582(c)(2). Because the defendant's sentence is set at the statutory mandatory minimum of 120 months, his sentence is dictated by statute and not affected by any change in the base offense level of the advisory guidelines. Accordingly, the defendant is not entitled to any sentence reduction under Amendment 782.

IT IS HEREBY ORDERED:

1. The defendant's pro se motion for a reduction in sentence (Filing No. 118) is denied.

Dated this 30th day of June, 2015

BY THE COURT:

 s/Joseph F. Bataillon  
Joseph F. Bataillon  
Senior United States District Judge